IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:11CR125 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| MARTIN SANTIAGO ROBLES, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 169, filed by the Defendant, Martin Santiago Robles. Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Santiago Robles pled guilty to Count I of the Indictment, charging him with a violation of 21 U.S.C. §§ 841(a) and 846. He entered into a plea agreement in which he waived his right of appeal and his right to initiate post-conviction proceedings, with limited exceptions, none of which is applicable here.

In his Presentence Investigation Report ("PSR"), his base offense level was consistent with the level recommended by the parties in the plea agreement. He was determined to be a career offender under the United States Sentencing Guidelines, §4B1.1, based on two prior felony controlled substance offenses. He was sentenced to

a term of 262 months incarceration–the lowest end of the applicable sentencing guideline–and five years of supervised release. He did not file a direct appeal, and this is his first § 2255 action.

Although his §2255 Motion was filed on June 26, 2017, it was processed through the correctional institution on June 20, 2017, within one year of the issuance of the United States Supreme Court's decision in *Mathis v. U.S.*, 136 S. Ct. 2243 (2016). Santiago Robles asserts that the *Mathis* decision should have an impact on his status as a career offender and give rise to resentencing.

## DISCUSSION

A prisoner sentenced by this Court "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States" may move the Court "to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Section 2255(f) requires all § 2255 motions to be filed within one year from:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Santiago Robles suggests that Subsection (f)(3) provides an avenue for his § 2255 Motion. Therefore, in order to succeed, the § 2255 Motion must identify and

assert a "right [to a corrected sentence] . . . newly recognized by the *Supreme Court* and made retroactively applicable to cases on collateral review." *Id*. (emphasis added).

"[T]o determine whether a right 'has been newly recognized by the Supreme Court,' we must inquire whether the Supreme Court announced a 'new rule' within the meaning of the Court's jurisprudence governing retroactivity for cases on collateral review." *Headbird v. United States*, 813 F.3d 1092, 1095 (8th Cir. 2016) (quoting 28 U.S.C. § 2255(f)(3)) (citing *Teague v. Lane*, 489 U.S. 288, 301 (1989)).

In *Mathis*, the Supreme Court held that the 15-year mandatory minimum term under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), (e)(2)(B)(ii), is applicable only where the elements of predicate offenses committed by a defendant correspond with the elements of the generic predicate offenses listed in the ACCA. In other words, if a defendant is convicted under a state criminal statute that provides alternative means for commission of the crime, and those means are broader than the elements of the generic version of the predicate crime under the ACCA, the conviction may not be used as a predicate offense for purposes of the ACCA, even though the defendant's actual conduct fell within the definition of the generic crime. *Mathis*, 136 S.Ct. at 1156-57.

Santiago Robles was determined to be a career offender under the *Guidelines*, §§ 4B1.1 and 4B1.2, based on two predicate felony controlled substance offenses. His § 2255 Motion will be summarily denied for the following reasons. First, in his plea agreement he waived his right to initiate post conviction proceedings except in limited circumstances, none of which is applicable here. Second, the Supreme Court in *Mathis* did not recognize any new right asserted by Santiago Robles or made retroactively

3

applicable to his case on collateral review. It is noted that the Supreme Court in *Beckles v. United States*, 137 S.Ct. 886, 892 (2017), held that the Guidelines, including career offender sections, are not subject to vagueness challenges that may be asserted with respect to the ACCA. Third, Santiago Robles's predicate controlled substance convictions fall squarely in the scope of § 4B1.2 (b).[1]

Accordingly,

IT IS ORDERED:

1. The Court has completed the initial review of Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 169;

2. Upon initial review, the Court summarily dismisses Defendant's claims raised in the § 2255 motion;

3. A separate Judgment will be issued denying the § 2255 motion; and

4. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 18th day of July, 2017.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

[1] Application Note 1 provides that "attempting to commit" a controlled substance offense is included in the definition of controlled substances offenses under §4B1.2(b).